IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 4, 2009

## STATE OF TENNESSEE v. LUTHER MOWERY

**Direct Appeal from the Circuit Court for Williamson County**
**No. I-CR093657     Robbie Beal, Judge**

---

**No. M2008-02700-CCA-R3-CD - Filed August 19, 2009**

---

The defendant, Luther Mowery, was convicted of failure to obey a traffic signal and ordered to pay court costs. On appeal, he argues that the evidence is insufficient to support the verdict, a claim with which the State agrees. Following our review, we, likewise, agree and, accordingly, reverse the conviction and dismiss the charge.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Venus Niner, Franklin, Tennessee, for the appellant, Luther Mowery.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Kim R. Helper, District Attorney General; and Shauna R. Billingsley, Interim City Attorney, for the appellee, State of Tennessee.

### OPINION

### FACTS

On July 16, 2008, the defendant was cited for failing to obey a traffic signal, found guilty by the Franklin City Court of this offense, and appealed the decision to the Williamson County Circuit Court. At the bench trial in that court, Officer Jane Teeples of the Franklin Police Department testified that, on the day of the defendant's receiving his citation, she had been patrolling the intersection of Murfreesboro and Royal Oaks Roads where she saw the defendant's vehicle, as the light was green, enter the intersection from the left turn lane. Oncoming traffic stopped when the light turned red, and the defendant executed a left turn. Officer Teeples then stopped the defendant and cited him for failure to obey a traffic control signal in violation of Tennessee Code Annotated section 55-8-110.

The defendant acknowledged that he entered the intersection as described by Officer Teeples but said that the intersection had no signage that a motorist could not turn left on a green light. Thus, he said, he yielded the right of way to oncoming traffic until he could execute a left turn.

At the conclusion of the bench trial, the trial court found the defendant guilty of failure to obey a traffic control signal, and this appeal followed.

## ANALYSIS

The sole issue in this appeal is whether the evidence is sufficient to sustain the verdict. As we will explain, we conclude that it is not.

In considering this issue, we apply the rule that where sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

The defendant was convicted of violating Tennessee Code Annotated section 55-8-110(a)(1)(A), which provides as follows regarding a vehicle facing a green traffic signal:

Vehicular traffic facing the signal may proceed straight through or turn right or left unless a sign at such place prohibits either turn.  But vehicular traffic, including vehicles turning right or left, shall yield the right-of-way to other vehicles and to pedestrians lawfully within the intersection or an adjacent crosswalk at the time the signal is exhibited[.]

As we have set out, the testimony showed that the defendant entered the intersection as the traffic light facing him was green, waiting until oncoming traffic had cleared before making a left turn which he did after the light facing him was red.  There was no proof that there were restrictions at the intersection, either painted on the roadway or signage, regarding making a left turn.  Accordingly, we conclude that the proof is insufficient to prove that the defendant failed to obey a traffic signal, as set out in Tennessee Code Annotated section 55-8-110(a)(1).

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the trial court is reversed, and the charge against the defendant is dismissed.

_____
ALAN E. GLENN, JUDGE